ERNEST C. BROWN, Plaintiff, *v.* ROBERT M. SNYDER, Defendant.

(Supreme Court, New York Trial Term, February, 1900.)

**Verdict — Against evidence.**

> A large verdict, for services rendered in respect to the sale of the
> defendant's interest in a gas company, will be set aside where the
> consummation reached was not the one for which the plaintiff was to
> be paid nor the one expected, under the contract, by the parties.

MOTION to set aside a verdict as against the weight of evidence
and upon exceptions.

Charles E. Lydecker, for plaintiff.

Davies, Stone & Auerbach (Herbert Barry, of counsel), for
defendant.

RUSSELL, J. The plaintiff recovered a verdict for $11,596.66
for services rendered defendant in respect to the sale of the de-
fendant's interest in a gas company at Kansas City, Mo. The
defendant moves to set aside the verdict as against the weight of
evidence, and upon exceptions. The defendant was interested in
a new company in Kansas City called the Missouri Gas Company.
Randall Morgan, of Philadelphia, was also interested in a new
company called the Kansas City Gas Company. By negotiations
which were carried on and consummated, through the efforts of
others than the plaintiff, these two gas companies were con-
solidated into a company called the Kansas City Missouri Gas
Company, about the 1st of April, 1897. In this consolidated
company the interests of the defendant and Randall Morgan in
the two former companies were merged.

The plaintiff does not claim that his efforts brought about this
consolidation except so far as he paved the way to the ultimate
result by the performance of the contract he claims to have made
with the defendant. The plaintiff is the editor of a journal in
New York city devoted to the gas interests and, as a matter of
course, kept constantly a keen attention upon the transfer and
springing up of large interests connected with gas enterprises

throughout the country. He did this not only for the maintenance of the influence of his journal, and the emoluments derived from advertising and subscriptions, but also as a negotiator for the sale and purchase of interests in such companies for compensation, either agreed upon or paid as remuneration for voluntary effort.

The contract which he claims to have made with the defendant was that he should introduce the defendant into such friendly relations with Morgan and his associates so that "If he succeeded in effecting the purchase of the old company's property that he would pay me the sum of $10,000." On cross-examination he testified that the proposition was "Well if you bring me negotiation relations so that I am on good footing with the United Gas Company people with whom I am not acquainted I will pay you the sum of $10,000 whether I sell my plant to the old company or whether I buy theirs." This old company referred to was the Kansas City Gas & Coke Company controlled by Randall Morgan, whose charter was about to expire, and in consequence Morgan had organized the Kansas City Gas Company referred to.

The verdict of the jury upon the contested question as to whether the contract was actually made between the parties is conclusive upon the fact. That verdict is also conclusive as a finding that the plaintiff did introduce the defendant to Morgan and his associates and that negotiations were begun between the owners of the competing interests. The evidence is somewhat vague as to whether that introduction or the efforts of the plaintiff did tend to a consummation of the arrangement finally entered into between Morgan and defendant. The contract of defendant with plaintiff was made in August, 1895. The consolidation of interests between Morgan and defendant was not effected until more than one year and a half later, and the activities of the plaintiff in the meantime do not appear to have been much of a promoting cause for the final arrangement.

Assuming, however, that the contract of the plaintiff with the defendant, as found by the verdict, called for only that friendly introduction establishing pleasant relations between the gas company owners, the effect of which did not evaporate away and become infinitesimal by the frictions of the subsequent negotiations between these owners and their mutual efforts, usual in the exer-

cise of respective intelligences in such cases to obtain pecuniary advantage of each other, the question remains whether the consummation was that which the contract between plaintiff and defendant called for as the result upon which the plaintiff was entitled to compensation.    The task to be performed by the plaintiff for the defendant was somewhat of a narrow service, and the realizing benefit must have occurred in order to justify the recovery of a large sum for such service.    Under the evidence that realization was to have been a sale by Morgan and associates to defendant and associates, or a purchase by the former from the latter.    This meant an undivided control and ownership by one of the hostile interests to the future exclusion of the other.    Instead, however, of this result, after long months of negotiation and consideration of tentative plans variously urged, the finality came in the shape of a consolidation of interests by which each side retained its proportionate share in the new consolidated company.    To effect this result mutual concessions had to be made and neither side could thenceforth claim an unmodified control of gas interests at Kansas City.    Hence it was neither a purchase nor a sale on the part of the defendant, and he did not obtain either the ownership of the gas plants at that city or freedom from the responsibility of such ownership with an equivalent compensation for his transfer.

Therefore, I have come to the conclusion that the finding of the jury, that the expectation of the contract between plaintiff and defendant was realized, was erroneous, and their verdict must be set aside.    I am also inclined to the belief that if after the close of the evidence at the trial, when the defendant's version had been heard, the counsel for defendant had moved for a dismissal of the complaint, or a direction for a verdict in defendant's favor, the court should have ruled that the evidence was insufficient to establish the defendant's liability.    As the defendant's counsel now asks the court to set aside the verdict as against the weight of evidence, and the court is of the opinion that such a motion should be granted, it is perhaps fair to impose as a condition the payment of a trial fee and the trial disbursements.    It is so ordered.

Ordered accordingly.